UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIELA OLIVEIRA MENDONCA,

Plaintiff,

v.

SERGIO ALBARRAN, et al.,

Defendants.

Case No. 26-cv-10485-TLT

**ORDER EXTENDING EXPIRATION OF THE TEMPORARY RESTRAINING, SETTING A FURTHER BRIEFING SCHEDULE, AND AN INTERIM REVIEW FOR A FINDING OF GOOD CAUSE FOR A FURTHER EXTENSION**

Re: Dkt. No. 6

On September 15, 2026, the Court issued a temporary restraining order ("TRO") requiring Respondents-Defendants to immediately release Petitioner-Plaintiff from custody pending these proceedings. ECF 6 at 3. The TRO also enjoined Respondents-Defendants from deporting Petitioner-Plaintiff pending these habeas proceedings or from re-detaining her unless and until she is afforded a hearing before a neutral decisionmaker. ECF 6 at 3. At any such hearing, "the U.S. Department of Homeland Security ('DHS') bears the burden of demonstrating that her circumstances have changed such that her re-detention would be justified (that is, whether she poses a danger or a flight risk), and where this Court must further consider whether, in lieu of detention, alternatives to detention exist to mitigate any risk that DHS may establish." ECF 6 at 3. The Court also ordered Respondents-Defendants to show good cause why a preliminary injunction should not issue. ECF 6 at 2.

Respondents-Defendants timely filed a response to the order to show cause. ECF 9. Petitioner-Plaintiff filed an amended habeas petition asserting additional claims (ECF 11) and a traverse in support of her request for injunctive relief on September 25, 2026 (ECF 10).

The TRO was set to remain in effect until September 29, 2026, at 5:00 p.m. ECF 6 at 3. Under Federal Rule of Civil Procedure 65(b)(2), a TRO ordinarily expires after fourteen (14) days unless extended by the Court for good cause. Good cause exists here to extend the TRO because

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff has filed an amended habeas petition asserting additional claims (ECF 10) and there is a separate proceeding stemming from the events described in the status report filed at ECF 8 that may result in additional factual developments that could impact this action. *See Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2458865, at *1 (N.D. Cal. Aug. 25, 2025) (extending TRO for good cause in immigration habeas action). Additionally, more time is needed to allow Respondents-Defendants to have the opportunity to respond to Petitioner-Plaintiff's amended habeas petition.

Accordingly, the Court hereby **ORDERS** the following:

1. Respondents-Defendants shall file their response to Petitioner-Plaintiff's amended habeas petition by **October 6, 2026, 4pm**.
2. Petitioner-Plaintiff shall file her reply no later than **October 8, 2026, 4pm**.
3. The TRO issued on September 15, 2026, ECF 6, is hereby **EXTENDED** through **October 13, 2026**, at **5:00 p.m.**, unless otherwise ordered by the Court.
4. Commensurate with statutory authority, the Court shall hold a status hearing via videoconference on **October 13, 2026**, **at 9:00 a.m**. for the purpose of obtaining an update regarding the pending criminal matter and formally extending the Temporary Restraining Order, if warranted by good cause, until November 3, 2026 at 5pm.
5. The Court notes that the Petitioner has been released in the criminal matter on a personal bond.
6. The Preliminary Injunction Hearing is set for **November 3, 2026 at 2:00 pm** (in person). *The time may be modified to 11am to accommodate all parties.*
7. Both parties agree that the factual and procedural posture of the case warrants an extension of the temporary restraining order to **November 3, 2026 at 5pm** for the purposes of full briefing, review of the status of the criminal case, and oral argument.

**IT IS SO ORDERED.**

Dated: September 30, 2026

TRINA L. THOMPSON
United States District Judge

26-MJ-71223-MAG-1